# IN THE SUPREME COURT OF THE STATE OF NEVADA

JSD PROPERTIES, LLC, A NEVADA LIMITED LIABILITY COMPANY; JSD PROPERTIES ND, LLC, A LIMITED LIABILITY COMPANY; JOHN STEPHEN DOMBROSKI, AN INDIVIDUAL; JETSTREAM CONSTRUCTION, INC., A CORPORATION FORMED UNDER THE LAWS OF THE STATE OF NEVADA; AND VINCENT JAMES JOHN ROMEO, AN INDIVIDUAL,
Appellants,
vs.
GRANT, MORRIS, DODDS, PLLC, A PROFESSIONAL LLC; STEVEN L. MORRIS, LTD., A DOMESTIC PROFESSIONAL CORPORATION; AND STEVEN L. MORRIS, AN INDIVIDUAL,
Respondents.

No. 74730

FILED

JUL 24 2019

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY S. Young
DEPUTY CLERK

## ORDER OF REVERSAL AND REMAND

This is an appeal from a district court order granting reconsideration of a district court order denying a motion to enforce a settlement agreement and granting a motion to enforce a settlement agreement. Eighth Judicial District Court, Clark County; Linda Marie Bell, Judge; Eighth Judicial District Court, Clark County; Kathy A. Hardcastle, Judge.

Having reviewed the parties' arguments and the record, we hold that the district court erred in finding that there was a valid settlement agreement. Several judges in the Eighth Judicial District Court heard this case, but ultimately, Chief Judge Bell signed an order holding that the parties did not have a valid settlement agreement. Then, Senior Judge Hardcastle signed an order granting reconsideration holding that the

parties had a valid settlement agreement. This order reverses that reconsideration order.

As a contract, a settlement agreement's construction and enforcement are governed by contract law principles. *May v. Anderson*, 121 Nev. 668, 672, 119 P.3d 1254, 1257 (2005). Thus, to have a valid settlement agreement there must be offer, acceptance, mutual assent, and consideration. *Id.* For an acceptance to be valid, it must not vary from the initial offer. *Steiner v. Mobil Oil Corp.*, 569 P.2d 751, 757 (Cal. 1977) ("Under traditional common law, no contract was reached if the terms of the offer and the acceptance varied."); *see also Morrill v. Tehama Consol. Mill & Mining Co.*, 10 Nev. 125, 136 (1875) (holding that a contract is formed only when an acceptance corresponds with an offer "entirely and adequately."). Further, "preliminary negotiations do not constitute a binding contract unless the parties have agreed to all material terms." *May*, 121 Nev. at 672, 119 P.3d at 1257. Moreover, if the material terms are "lacking or are insufficiently certain or definite," then the settlement agreement is not enforceable. *Id.* We defer to the district court's findings regarding whether a settlement agreement exists unless those findings are clearly erroneous. *Id.*

The district court's finding that there was a valid settlement agreement is clearly erroneous because: (1) the term "walk away settlement offer" is not clear and definite, and therefore, the material terms of the settlement are insufficiently certain and definite; and (2) Steven Morris's draft settlement agreement was actually a counteroffer because it did not include a material term that JSD Properties, LLC (JSD) included in its initial counteroffer. First, the term "walk away settlement offer" colloquially means that no money is exchanged between the parties, and that each party bears its own fees and costs. *See, e.g., Lemmer v. Charney*, 125 Cal. Rptr. 3d 502, 503 (Cal. Ct. App. 2011). But this term, on its own,

SUPREME COURT
OF
NEVADA

(O) 1947A

does not outline other material terms that may be necessary to achieve such a settlement. For example, to ensure that both parties bear no liability to one another or to others relating to the underlying dispute, the parties may need to include an indemnification agreement or other similar provisions. Due to the lack of clarity surrounding the term "walk away settlement," both Morris and JSD had different conceptions of what the phrase meant—namely, JSD thought that there should be an indemnification provision against third party claims, while Morris did not. While the district court found that an indemnification clause was not a material term, we disagree. The "walk away settlement" was the sole term of the initial offer. Due to the indefiniteness of the term "walk away settlement," if one party reasonably believes that the term includes an indemnification clause, and the other party does not, then this court cannot enforce the agreement due to a lack of definiteness as to that material term. As a result, the parties to this agreement lacked mutual assent because neither fully understood the terms of the settlement agreement.

Second, neither party ever accepted the terms of an offer to settle. In this case, Morris initially reached out to JSD via email and offered a "walk away settlement." JSD responded to this offer and stated that it "accepted," but added an additional term that Morris must not represent any party in a case involving the subject matter of the underlying lawsuit—this is a counteroffer as it is a contingent acceptance. Then, after not receiving a draft of the settlement agreement from JSD, Morris sent over a proposed written draft of the settlement agreement. Morris's proposed draft was a counteroffer because it did not include JSD's additional term. JSD rejected this proposed written draft as a counteroffer because it does not include all of the terms of its initial counteroffer. Because an acceptance must mirror the offer as to all material terms, JSD was within its rights to reject the draft settlement agreement as a counteroffer. *See Steiner*, 569

SUPREME COURT
OF
NEVADA

(O) 1947A

P.2d at 757; *Morrill*, 10 Nev. at 136. Accordingly, we hold that the district court's finding that there was a settlement agreement is clearly erroneous because there was a lack of mutual assent and there was never a valid acceptance of the various counteroffers, and we

ORDER the judgment of the district court REVERSED AND REMAND this matter to the district court for proceedings consistent with this order.

_____, J.
Pickering

_____, J.
Parraguirre

_____, J.
Cadish

cc:  Chief Judge, Eighth Judicial District Court
     Hon. Kathy A. Hardcastle, Senior Judge
     Ara H. Shirinian, Settlement Judge
     Law Offices of Frank W. Mitchell
     VJJR Attorney at Law
     Marquis Aurbach Coffing
     Grant Morris Dodds PLLC
     Eighth District Court Clerk